**PENINSULAR LAND COMPANY and OCEAN BEACH DE-VELOPMENT COMPANY, v. GRAEME K. HOWARD.**

10 So. (2nd) 484                                  En Banc
November 13, 1942        Rehearing Denied December 11, 1942

764

Thos. B. Adams, for appellants.

Russell Snow and Lloyd Campbell, for appellee.

CHAPMAN, J.:

The case at bar comes on for a review by this Court for the second time. The former opinion is reported in 149 Fla. 772, 6 So. (2nd) 384. The challenged decree presents three questions for a decision by this Court: (a) the portion of the decree dismissing the suit; (b) the portion of the decree vacating and setting aside the final decree of the lower court dated April 7, 1940; (c) the portion of the order allowing and disallowing designated items of cost. Appellee by cross assignments of error raises the legal sufficiency of enumerated cost items disallowed.

Counsel for appellant contend that an item of $15.00 incurred by J. E. Edwards for indexing, arranging, binding, numbering and correcting the record, as well as an item of $11.00 paid by the appellant to Mrs. J. E. White as costs for photostating described exhibits placed in the record and considered on the former appeal, should have been taxed as costs.

In studying the record an item of cost allowed to the Clerk of the Court in the sum of $39.10 was for verifying and certifying the transcript of the record. This sum was allowed under a provision of the statute. The transcript discloses a duplication of photostatic exhibits and possibly were surplusage and typewritten copies would have been less expensive. The items sought to be taxed as costs by the appellant, in view of the chancellor below, were embraced within the item of $39.10 ordered to be paid to the Clerk and were improper items of costs to be allowed the appellant. See Bay View Estates Corp. v. Southerland, 126 Fla. 239, 170 So. 732.

Counsel for appellee contend that the item of $13.00 paid by the appellant to the sheriff as costs for the service of subpoenas and the sum of $10.63 paid to the Cocoa Tribune for publishing notice of special master's sale were improper and should have been taxed against the appellants. The case comes to this Court with a presumption of correctness of the ruling of the lower court and our examination and study of the briefs fail to disclose citations of authorities establishing error by the chancellor in the disallowance of the items of costs to the original plaintiff, Mr. Howard.

When the court below assumed jurisdiction of the cause, upon the going down of the mandate, an opinion was placed in the record in which he interpreted and construed our former order and opinion as reported in 149 Fla. 772, 6 So. (2nd) 384, and subsequently entered a decree which is the basis of this appeal.

. Pertinent portions of the opinion are viz.:

"A. That the defendants had on file in the Clerk's office a bona fide application to obtain the benefits of the Murphy Act at the time the Clerk sold the certificates to Howard.

"B. That the effect of his application was to suspend the operation of Section 992 C.G.L. until the final disposition of the pending application.

"C. That as a result of the foregoing propositions the plaintiff obtained no such title to the certificates as would authorize him to foreclose the same and further that the defendant, Peninsular Land Company, had and has the right to the benefits and privileges of the Murphy Act, as applied to said certificates. I cannot find anywhere in the opinion of the Court any statement or suggestion that the certificates are void or that they should be cancelled. Neither the

pleadings nor the proofs seem to me to support the defendants' contention that the certificates should be cancelled. . . .

It is clear, therefore, that the Supreme Court found no fraud or other cause justifying cancellation. I am, therefore, of the view that the original decree of foreclosure herein should be cancelled and set aside and that the Peninsular Land Company is entitled to have, as applied to these certificates the benefits of the Murphy Act—Chapter 18296—1937. That is to say, it is entitled to have a public sale of the certificates under Section 3, or rather the terms of Section 3 of said Act. The Murphy Act, by its terms, has expired. The State and County have each been enriched by the illegal sale to Howard; when, therefore, a public sale of the certificates is had, it will be necessary to hold the sale under the direction and in compliance with a court order which order must necessarily, it seems to me, provide for and direct the clerk to distribute the proceeds from the sale. . .

"Another troublesome problem as to parties develops by reason of the fact that if the State continued to own the certificates involved while they were illegally absent from the Clerk's office, then and in that event the property has already reverted to the State under Section 9 of the Murphy Act. I take it, however, that the Court will hold that the pending application of the Peninsular Land Company would operate to suspend a reversion to the State, as provided in Section 9. Unless this point is cleared up by necessary parties, however, the Supreme Court not having passed upon it, it is doubtful whether all the problems connected with this litigation could be settled."

Counsel for appellants challenged the decree on several grounds: (a) that the dismissal order deprived appellants of affirmative relief set forth in its amended answer appearing in the original transcript on pages 60 to 68; (b) the Clerk of the Circuit Court and State Comptroller were necessary parties for a complete disposition of the certificates; (c) are the certificates and subsequently omitted tax certificates purchased by Howard liens on the described lands; (d) the certificates alleged to have been purchased by Howard cannot be now sold under the Murphy Act (e) does the challenged decree modify the order and opinion recently rendered in the cause by the Florida Supreme Court; (f) was the appellee Howard guilty of bad faith and an intermeddler in his attempt to buy the certificates and subsequent taxes in question with the result that appellants are entitled to have such certificates and taxes cancelled on payment to Howard or to the Clerk for him the same sum of money for which appellants would have obtained the cancellation thereof had the appellee Howard not interfered with appellants' efforts to redeem said taxes under the Murphy Act?

The answer to these several questions is that this Court in its opinion and judgment did not cancel or hold void the tax certificates alleged to have been purchased by Howard. The filing of the application by the appellant with the Clerk for a sale of the certificates under the Murphy Act had the legal effect of suspending the provisions of Section 992 C. G. L., and the Clerk was without authority to prcoeed thereunder when the bona fide application to "Murphyize" the tax certificates was then on file with the Clerk. The pendency of the application of the Peninsular

Land Company suspended a reversion of the tax certificates to the State of Florida under Section 9 of Chapter 18296, Acts of 1937, Laws of Florida.

The Murphy Act has expired by operation of law. The money paid to the Clerk by Howard for the tax certificates has been disbursed. The Clerk has not acted upon the bona fide application of the Peninsular Land Company for a sale of the certificates under the terms of the Murphy Act. The provisions of the Act and the former decision of this Court sustain the application and a right to have the certificates sold thereunder. It is the official duty of the Clerk of the Circuit Court of Brevard County, Florida, in obedience to an appropriate order entered by a court of competent jurisdiction to sell the tax certificates involved in this suit and in so doing shall from the proceeds arising from said sale pay to Howard the sum of money previously paid by him for the certificates. If a surplus arises from the sale after reimbursing Howard, then the surplus, if any, shall be disposed of by the Clerk under the provisions of the Murphy Act. If the proceeds of the sale are insufficient in amount to pay or return to Howard the money paid for the certificates, the sum so received shall be paid to Howard, when an order determining the balance due, if any, shall be entered. The chancellor is directed, by appropriate order, to make persons or officials parties to the suit as may be necessary.

The part of the decree dismissing the suit is reversed with directions for further proceedings in the lower court not inconsistent with this opinion, but the other portions of the decree are hereby affirmed.

It is so ordered.

WHITFIELD, BUFORD and TERRELL, JJ., concur.

BROWN, C. J., THOMAS and ADAMS, JJ., dissent.